IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DANIEL JOSEPH PARRISH-PARRADO,**

        **Plaintiff,**

    **v.**                                      **CASE NO. 17-3140-SAC-DJW**

**DON LANGFORD, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner at the Larned Correctional Mental Health Facility, Larned, Kansas ("LCMHF").

*Screening*

The complaint names as defendants Warden Don Langford of the LCMHF, the Larned Correctional Facility, the Kansas Department of Corrections, and the State of Kansas.

The complaint alleges that since December 16, 2016, the LCMHF has been operating without appropriate supplies such as bleach and floor soap for sanitizing and has not provided shower shoes for indigent prisoners. Plaintiff alleges these conditions constitute federal aggravated criminal negligence and federal aggravated criminal endangerment, and he asks the Court to force defendants to immediately procedure these supplies and issue them to county jails, state correctional facilities, and SRS. He also requests a desk study lamp and an electric typewriter.

Plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), which bars him from proceeding in forma pauperis unless he demonstrates that he is in imminent danger of serious physical harm.

Section 1915(g) provides:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section is the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

Court records show that plaintiff has filed more than fifty cases in this court and that at least three of those cases were dismissed for failure to state a claim for relief.[1]

The Court has examined the complaint and concludes plaintiff has not established an imminent danger of serious physical harm. The Court therefore will deny leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is denied.

IT IS FURTHER ORDERED plaintiff is granted to and including September 18, 2017, to submit the $400.00 filing fee. The failure to submit the fee will result in the dismissal of this matter without additional prior notice.

---

[1] Plaintiff has filed cases under different names, including Daniel Joseph Kirwan, Michael Duane Pyle, Daniel Joseph Parrish, Daniel Parrado, and Daniel Parrish-Parrado. The cases qualifying as strikes are: (1) Case No. 92-3357, *Kirwan v. Larned Mental Health*, 816 F.Supp. 672 (D.Kan. 1993)(dismissing as legally frivolous plaintiff's claims that officials' continued use of his former legal name, under which he was convicted, violated his constitutional rights); (2) Case No. 91-3217, *Kirwan v. Huggins*, 1991 WL 158842 (dismissing as frivolous plaintiff's claim of excessive heat and lack of electric fan); and (3) Case No. 88-3416, *Kirwan v. Appel*, 1988 WL 142902 (dismissing for failure to state a claim plaintiff's allegations of denial of use of typewriter, writing table, and chair, and allegations that defendant corrections employees sabotaged a cell house and criminally defamed plaintiff).

**IT IS SO ORDERED.**

DATED:  This 18th day of August, 2017, at Topeka, Kansas.

                              S/ Sam A. Crow  
                              SAM A. CROW  
                              U.S. Senior District Judge